# EXHIBIT "A"

Case Number: COCE-15-005207 Division: 52

Filing # 24715887 E-Filed 03/10/2015 04:47:24 PM

> IN THE COUNTY COURT OF THE 17TH
> JUDICIAL CIRCUIT, IN AND FOR
> BROWARD COUNTY, FLORIDA
>
> CIVIL DIVISION
>
> CASE NO.:

JOSE QUINTANILLA,

       Plaintiff,

vs.

THE SOUTH BROWARD HOSPITAL DISTRICT,

       Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND BREACH OF FEDERAL LAW

COMES NOW the Plaintiff, JOSE QUINTANILLA, by and through his undersigned attorneys, and sues the Defendant, THE SOUTH BROWARD HOSPITAL DISTRICT (hereinafter referred to as "SBHD") and states as follows:

1. This is an action for Declaratory Relief and for damages under $15,000.00, for SBHD's failure to comply with the Federal Law known as HIPAA.

2. The Plaintiff, JOSE QUINTANILLA was a patient at Memorial Regional Hospital and at Memorial Hospital West, which hospitals are owned and operated by SBHD.

3. That JOSE QUINTANILLA requested his medical records from both hospitals, through his undersigned attorneys, in **electronic form** pursuant to 45 C.F.R. Section 164.524, a copy of which is attached hereto as Exhibit "A". This Federal Law which is a part of HIPAA provides that medical records must be provided to a patient and the only fees that may be charged include the cost of:

    a. Labor for copying;

b.      Supplies for creating the paper copy or electronic media; and

c.      Postage.

4.      Attached hereto as Exhibits "B" and "C" respectively, are copies the letters sent to Memorial Regional Hospital and Memorial Hospital West dated January 2, 2015, requesting the subject medical records of JOSE QUINTANILLA, pursuant to 45 C.F.R. Section 164.524.

5.      Attached hereto as Exhibit "D" is a copy of the Invoice from HealthPort, on behalf of Memorial Regional Hospital, demanding $1,870.49 for 1735 pages of medical records.

6.      Attached hereto as Exhibit "E" is a copy of correspondence dated January 27, 2015, from the undersigned attorneys directed to HealthPort demanding compliance with 45 C.F.R. Section 164.524 for Memorial Regional Hospital's records.

7.      Attached hereto as Exhibit "F" is a copy of an Invoice from HealthPort on behalf of Memorial Hospital West, demanding $440.15 for 403 pages of medical records.

8.      Attached hereto as Exhibit "G" is a copy of correspondence dated January 27, 2015, from the undersigned attorneys directed to HealthPort demanding compliance with 45.C.F.R. Section 164.524 for Memorial Regional Hospital's records.

9.      Neither HealthPort nor SBHD have replied to JOSE QUINTANILLA or the undersigned attorneys.

10.     The fees being demanded by SBHD are in violation of 45 C.F.R. Section 164.524.

11.     That SBHD should be Ordered to furnish the subject medical records forthwith, for a reasonable fee in conformity with 45 C.F.R. Section 164.524.

WHEREFORE, the Plaintiff sues the Defendant, SOUTH BROWARD HOSPITAL DISTRICT, and seeks a declaration of his rights to obtain his medical records for the fees described

in 45 C.F.R. Section 164.524, rather than for the fees demanded by SOUTH BROWARD

HOSPITAL DISTRICT in the invoices attached hereto. The Plaintiff also sues for costs and any

other relief this Court may deem appropriate.

DATED this __10__ day of March, 2015.

> ABRAMOWITZ, POMERANTZ & MOREHEAD, P.A.
> Attorney for the Plaintiffs
> Belle Terre of Sunrise - Suite 101A
> 7800 West Oakland Park Boulevard
> Sunrise, Florida 33351
> (954) 572-7200 [Broward]
> (954) 748-6488 [Fax]
>
> BY: _____
> HOWARD L. POMERANTZ
> Florida Bar No.: 231002

3

# ELECTRONIC CODE OF FEDERAL REGULATIONS

## e-CFR Data is current as of March 2, 2015

Title 45 → Subtitle A → Subchapter C → Part 164 → Subpart E → §164.524

Title 45: Public Welfare
PART 164—SECURITY AND PRIVACY
Subpart E—Privacy of Individually Identifiable Health Information

---

§164.524   Access of individuals to protected health information.

(a) *Standard  Access to protected health information*—(1) *Right of access.* Except as otherwise provided in paragraph (a)(2) or (a)(3) of this section, an individual has a right of access to inspect and obtain a copy of protected health information about the individual in a designated record set, for as long as the protected health information is maintained in the designated record set, except for:

(i) Psychotherapy notes, and

(ii) Information compiled in reasonable anticipation of, or for use in, a civil, criminal, or administrative action or proceeding.

(2) *Unreviewable grounds for denial.* A covered entity may deny an individual access without providing the individual an opportunity for review, in the following circumstances.

(i) The protected health information is excepted from the right of access by paragraph (a)(1) of this section.

(ii) A covered entity that is a correctional institution or a covered health care provider acting under the direction of the correctional institution may deny, in whole or in part, an inmate's request to obtain a copy of protected health information, if obtaining such copy would jeopardize the health, safety, security, custody, or rehabilitation of the individual or of other inmates, or the safety of any officer, employee, or other person at the correctional institution or responsible for the transporting of the inmate.

(iii) An individual's access to protected health information created or obtained by a covered health care provider in the course of research that includes treatment may be temporarily suspended for as long as the research is in progress  provided that the individual has agreed to the denial of access when consenting to participate in the research that includes treatment, and the covered health care provider has informed the individual that the right of access will be reinstated upon completion of the research.

(iv) An individual's access to protected health information that is contained in records that are subject to the Privacy Act, 5 U.S.C. 552a, may be denied, if the denial of access under the Privacy Act would meet the requirements of that law.

(v) An individual's access may be denied if the protected health information was obtained from someone other than a health care provider under a promise of confidentiality and the access requested would be reasonably likely to reveal the source of the information.



EXHIBIT " A "

(3) *Reviewable grounds for denial* A covered entity may deny an individual access, provided that the individual is given a right to have such denials reviewed, as required by paragraph (a)(4) of this section, in the following circumstances:

(i) A licensed health care professional has determined, in the exercise of professional judgment, that the access requested is reasonably likely to endanger the life or physical safety of the individual or another person,

(ii) The protected health information makes reference to another person (unless such other person is a health care provider) and a licensed health care professional has determined, in the exercise of professional judgment, that the access requested is reasonably likely to cause substantial harm to such other person: or

(iii) The request for access is made by the individual's personal representative and a licensed health care professional has determined, in the exercise of professional judgment, that the provision of access to such personal representative is reasonably likely to cause substantial harm to the individual or another person.

(4) *Review of a denial of access* If access is denied on a ground permitted under paragraph (a)(3) of this section, the individual has the right to have the denial reviewed by a licensed health care professional who is designated by the covered entity to act as a reviewing official and who did not participate in the original decision to deny. The covered entity must provide or deny access in accordance with the determination of the reviewing official under paragraph (d)(4) of this section.

(b) *Implementation specifications: Requests for access and timely action—(1) Individual's request for access.* The covered entity must permit an individual to request access to inspect or to obtain a copy of the protected health information about the individual that is maintained in a designated record set. The covered entity may require individuals to make requests for access in writing, provided that it informs individuals of such a requirement.

(2) *Timely action by the covered entity* (i) Except as provided in paragraph (b)(2)(ii) of this section, the covered entity must act on a request for access no later than 30 days after receipt of the request as follows.

(A) If the covered entity grants the request, in whole or in part, it must inform the individual of the acceptance of the request and provide the access requested, in accordance with paragraph (c) of this section.

(B) If the covered entity denies the request, in whole or in part, it must provide the individual with a written denial, in accordance with paragraph (d) of this section.

(ii) If the covered entity is unable to take an action required by paragraph (b)(2)(i)(A) or (B) of this section within the time required by paragraph (b)(2)(i) of this section, as applicable, the covered entity may extend the time for such actions by no more than 30 days, provided that:

(A) The covered entity, within the time limit set by paragraph (b)(2)(i) of this section, as applicable, provides the individual with a written statement of the reasons for the delay and the date by which the covered entity will complete its action on the request; and

(B) The covered entity may have only one such extension of time for action on a request for access.

(c) *Implementation specifications: Provision of access* If the covered entity provides an individual with access, in whole or in part, to protected health information, the covered entity must comply with the following requirements.

(1) *Providing the access requested* The covered entity must provide the access requested by individuals, including inspection or obtaining a copy, or both, of the protected health information about them in designated record sets If the same protected health information that is the subject of a

request for access is maintained in more than one designated record set or at more than one location, the covered entity need only produce the protected health information once in response to a request for access

(2) *Form of access requested.* (i) The covered entity must provide the individual with access to the protected health information in the form and format requested by the individual, if it is readily producible in such form and format; or, if not, in a readable hard copy form or such other form and format as agreed to by the covered entity and the individual.

(ii) Notwithstanding paragraph (c)(2)(i) of this section, if the protected health information that is the subject of a request for access is maintained in one or more designated record sets electronically and if the individual requests an electronic copy of such information, the covered entity must provide the individual with access to the protected health information in the electronic form and format requested by the individual, if it is readily producible in such form and format; or, if not, in a readable electronic form and format as agreed to by the covered entity and the individual.

(iii) The covered entity may provide the individual with a summary of the protected health information requested, in lieu of providing access to the protected health information or may provide an explanation of the protected health information to which access has been provided, if:

(A) The individual agrees in advance to such a summary or explanation; and

(B) The individual agrees in advance to the fees imposed, if any, by the covered entity for such summary or explanation.

(3) *Time and manner of access.* (i) The covered entity must provide the access as requested by the individual in a timely manner as required by paragraph (b)(2) of this section, including arranging with the individual for a convenient time and place to inspect or obtain a copy of the protected health information, or mailing the copy of the protected health information at the individual's request. The covered entity may discuss the scope, format, and other aspects of the request for access with the individual as necessary to facilitate the timely provision of access.

(ii) If an individual's request for access directs the covered entity to transmit the copy of protected health information directly to another person designated by the individual, the covered entity must provide the copy to the person designated by the individual. The individual's request must be in writing, signed by the individual, and clearly identify the designated person and where to send the copy of protected health information.

(4) *Fees.* If the individual requests a copy of the protected health information or agrees to a summary or explanation of such information, the covered entity may impose a reasonable, cost-based fee, provided that the fee includes only the cost of:

(i) Labor for copying the protected health information requested by the individual, whether in paper or electronic form;

(ii) Supplies for creating the paper copy or electronic media if the individual requests that the electronic copy be provided on portable media;

(iii) Postage, when the individual has requested the copy, or the summary or explanation, be mailed; and

(iv) Preparing an explanation or summary of the protected health information, if agreed to by the individual as required by paragraph (c)(2)(iii) of this section.

(d) *Implementation specifications: Denial of access.* If the covered entity denies access, in whole or in part, to protected health information, the covered entity must comply with the following requirements.

(1) *Making other information accessible*. The covered entity must, to the extent possible, give the individual access to any other protected health information requested, after excluding the protected health information as to which the covered entity has a ground to deny access.

(2) *Denial*. The covered entity must provide a timely, written denial to the individual, in accordance with paragraph (b)(2) of this section. The denial must be in plain language and contain:

(i) The basis for the denial;

(ii) If applicable, a statement of the individual's review rights under paragraph (a)(4) of this section, including a description of how the individual may exercise such review rights; and

(iii) A description of how the individual may complain to the covered entity pursuant to the complaint procedures in §164.530(d) or to the Secretary pursuant to the procedures in §160.306. The description must include the name, or title, and telephone number of the contact person or office designated in §164.530(a)(1)(ii).

(3) *Other responsibility*. If the covered entity does not maintain the protected health information that is the subject of the individual's request for access, and the covered entity knows where the requested information is maintained, the covered entity must inform the individual where to direct the request for access.

(4) *Review of denial requested*. If the individual has requested a review of a denial under paragraph (a)(4) of this section, the covered entity must designate a licensed health care professional, who was not directly involved in the denial to review the decision to deny access. The covered entity must promptly refer a request for review to such designated reviewing official. The designated reviewing official must determine, within a reasonable period of time, whether or not to deny the access requested based on the standards in paragraph (a)(3) of this section. The covered entity must promptly provide written notice to the individual of the determination of the designated reviewing official and take other action as required by this section to carry out the designated reviewing official's determination.

(e) *Implementation specification: Documentation*. A covered entity must document the following and retain the documentation as required by §164.530(j):

(1) The designated record sets that are subject to access by individuals, and

(2) The titles of the persons or offices responsible for receiving and processing requests for access by individuals.

[65 FR 82802, Dec. 28, 2000, as amended at 78 FR 5701, Jan. 25, 2013; 78 FR 34266, June 7, 2013; 79 FR 7316, Feb. 6, 2014]

---

For questions or comments regarding e-CFR editorial content, features, or design, email ecfr@nara.gov.
For questions concerning e-CFR programming and delivery issues, email webteam@gpo.gov



ABRAMOWITZ, POMERANTZ & MOREHEAD, P.A.

FLORIDA INJURY LAWYERS

RICHARD ABRAMOWITZ *
HOWARD POMERANTZ
CHARLES A. MOREHEAD III **
LYLE M. KOENIG ***
GENA T. COHEN

ALSO MEMBER OF NEW YORK BAR *
BOARD CERTIFIED CIVIL TRIAL LAWYER **
ALSO MEMBER OF MINNESOTA BAR ***

January 2, 2015

Memorial Regional Hospital
3501 Johnson Street
Hollywood, FL 33021

      Re:   Our client:   Jose Quintanilla
             D'Birth:
             SS#:
             D'Admission: 2014 (any and all)

Dear Sir/Madam:

This law firm represents Mr. Jose Quintanilla. Enclosed is an authorization form signed by Mr. Quintanilla allowing us to obtain copies of his/her complete medical records from Memorial Regional Hospital.

*It is specifically requested that you provide the record copies in PDF format on CD,* per the requirements of 45 CFR §164.24(e)(2)(iii), as amended effective September 23, 2013. As you know, this Federal regulation preempts Florida state law, and provides, in pertinent part,

"... [I]f the protected health information that is the subject of a request for access is maintained in one or more designated record sets electronically and if the individual requests an electronic copy of such information, *the covered entity must provide the individual with access to the protected health information in the electronic form and format requested* by the individual ..."

Note that the authorization form clearly and expressly asks that you transmit the requested records to the undersigned attorney for Mr. Quintanilla as the patient's designee under 45 CFR §164.524(c)(3)(ii). Copies of the records in the requested electronic format should be sent to me at the address shown on this letterhead.

As I'm sure you are aware, 42 USC 17935(e)(2) and 45 CFR §164.524(c)(4) limit the cost of obtaining the records to the actual labor costs for reproducing them in the requested electronic format, the actual cost of the portable media (in this case, CD), and postage.

Belle Tene of Sunrise, Suite 101 · 7800 W. Oakland Park Blvd · Sunrise, Florida 33351
Broward (954) 572-7280 · Dade (305) 949-7100 · Palm Beach (561) 833-5544 · FAX (954) 748-6488

Personal Injury · Wrongful Death · Auto Accidents · Product Liability · Premises Liability · Medical Malpractice
WWW.FLORIDAINJURYLAWYERS.COM

EXHIBIT B  11

Thank you for your compliance with this request within 30 days of your receipt of this letter, as required by 45 CFR §164.524(b)(2)(i).

Sincerely,

ABRAMOWITZ, POMERANTZ & MOREHEAD, P.A

HOWARD L. POMERANTZ

HLP ss

cc:  Jose and Elizabeth Quintanilla

Belz Letter at Sunrise, Suite 104 • 7800 W  Oakland Park Blvd  • Sunrise  Florida 33351
Broward (954) 572-7200 • Dade (305) 949 7100 • Palm Beach (561) 833-5544 • FAX (954) 748-6488

Personal Injury • Wrongful Death • Auto Accidents • Product Liability • Premises Liability • Medical Malpractice
WWW.FLORIDAINJURYLAWYERS.COM



ABRAMOWITZ, POMERANTZ & MOREHEAD, P.A.

FLORIDA INJURY LAWYERS

RICHARD ABRAMOWITZ*
HOWARD POMERANTZ
CHARLES A. MOREHEAD III **
LYLE M. KOENIG ***
GENA L. COHEN

ALSO MEMBER OF NEW YORK BAR *
BOARD CERTIFIED CIVIL TRIAL LAWYER **
ALSO MEMBER OF MINNESOTA BAR ***

January 2, 2015

Memorial Hospital West
703 North Flamingo Road
Pembroke Pines, FL 33028

      Re:  Our client:  Jose Quintanilla
              D'Birth:
              SS#:
              D'Admission: December, 2013

Dear Sir/Madam:

    This law firm represents Mr. Jose Quintanilla. Enclosed is an authorization form signed by Mr. Quintanilla allowing us to obtain copies of his/her complete medical records from Memorial Hospital West.

    *It is specifically requested that you provide the record copies in PDF format on CD,* per the requirements of 45 CFR §164.524(c)(2)(ii), as amended effective September 23, 2013. As you know, this Federal regulation preempts Florida state law, and provides, in pertinent part:

    "...[I]f the protected health information that is the subject of a request for access is maintained in one or more designated record sets electronically and if the individual requests an electronic copy of such information, *the covered entity must provide the individual with access to the protected health information in the electronic form and format requested* by the individual."

    Note that the authorization form clearly and expressly asks that you transmit the requested records to the undersigned attorney for Mr. Quintanilla as the patient's designee under 45 CFR §164.524(c)(3)(ii). Copies of the records in the requested electronic format should be sent to me at the address shown on this letterhead.

    As I'm sure you are aware, 42 USC 17935(e)(2) and 45 CFR §164.524(c)(4) limit the cost of obtaining the records to the actual labor costs for reproducing them in the requested electronic format, the actual cost of the portable media (in this case, CD), and postage.

Belle Terre of Sunrise, Suite 101 • 7800 W. Oakland Park Blvd • Sunrise, Florida 33351
Broward (954) 572-7203 • Dade (305) 949-7100 • Palm Beach (561) 833-5544 • FAX (954) 748-6488

Personal Injury • Wrongful Death • Auto Accidents • Product Liability • Premises Liability • Medical Malpractice
WWW.FLORIDAINJURYLAWYERS.COM

EXHIBIT 8

Thank you for your compliance with this request within 30 days of your receipt of this letter, as required by 45 CFR §164.524(b)(2)(i).

Sincerely,

ABRAMOWITZ, POMERANTZ & MOREHEAD, P.A

HOWARD L. POMERANTZ

HLP:ss

cc:  Jose and Elizabeth Quintanilla

Belle Terre at Sunrise, Suite 101 • 7501 W. Oakland Park Blvd. • Sunrise, Florida 33351
Broward (954) 572-7200 • Dade (305) 949-7100 • Palm Beach (561) 833-5544 • FAX (954) 748-6488

Personal Injury • Wrongful Death • Auto Accidents • Product Liability • Premises Liability • Medical Malpractice

WWW.FLORIDAINJURYLAWYERS.COM

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

## HealthPort
### INVOICE

Invoice #: 0161759857
Date:        1/14/2015
Customer #: 593282

| Ship to | Bill to | Records from |
|---|---|---|
| HOWAD POMERANTZ<br>ABRAMOWITZ POMERANTZ MOREHEAD<br>7800 W OAKLAND PARK BLVD<br>STE 101<br>SUNRISE, FL 33351-6742 | HOWAD POMERANTZ<br>ABRAMOWITZ POMERANTZ MOREHEAD<br>7800 W OAKLAND PARK BLVD<br>STE 101<br>SUNRISE, FL 33351-6742 | MEMORIAL REGIONAL<br>3501 JOHNSON STREET<br>HOLLYWOOD, FL 33021 |

Requested By: ABRAMOWITZ ET AL
Patient Name: QUINTANILLA JOSE

DOB:        061360
SSN:

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|

Per your request, please let this serve as your fee approval notice for medical records requested from the facility listed above. If you would like to approve this amount please contact a HealthPort representative at **770-754-6000**. If you would like to expedite delivery of your request, please go to **www.HealthPortPay.com** to pay electronically.

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 1.00 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 1 | 1735 | 1.00 | 1,735.00 |
| Shipping | | | 28.61 |
| Subtotal | | | 1,764.61 |
| Sales Tax | | | 105.88 |
| Invoice Total | | | 1,870.49 |
| Balance Due | | | 1,870.49 |

Pay your invoice online at www.HealthPortPay.com

Please remit this amount : $ 1,870.49 (USD)

------------------------------✁------------------------------

HealthPort
P O Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

Invoice #:  0161759857

Check # _____

Payment Amount $_____

EXHIBIT " D "

**Please return stub with payment.**
Please include invoice number on check.
To pay invoice online, please go to www.HealthPortPay.com or call (770) 754 6000



**ABRAMOWITZ, POMERANTZ & MOREHEAD, P.A.**

FLORIDA INJURY LAWYERS

RICHARD ABRAMOWITZ*
HOWARD POMERANTZ
CHARLES A. MOREHEAD II **
KYLE M. REHNC ***
GINA L. COHEN

ALSO MEMBER OF NEW YORK BAR *
BOARD CERTIFIED CIVIL TRIAL LAWYER **
ALSO MEMBER OF MINNESOTA BAR ***

January 27, 2015

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740

     Re:    Jose Quintanilla
           D/Birth:
           SS#:
           D/Admission:    2014 (any and all)
           HealthPort Invoice #:  0161759857
           Customer#:      593282

To Whom It May Concern:

    Enclosed is a copy of my correspondence to Memorial Regional Hospital, dated January 2, 2015, requesting complete copies of the records of Jose Quintanilla, in the electronic form pursuant to 45 CFR §164.524. This relatively new Federal law only allows you to charge for:

        1.    Labor for copying;
        2.    Supplies for creating the electronic media; and
        3.    Postage.

    You have sent me a bill for $1,870.49, for 1735 pages of records at $1.00 per page, plus tax and postage fee. These charges are in violation of the Federal law, and I cannot agree to pay such an amount. Please revise your fees to be in compliance with the law and advise me promptly of the new amount.

    If this matter is not resolved promptly and correctly, I will have no alternative but to file a lawsuit against Memorial Regional Hospital, in order to obtain the records at the federally mandated charge.

                    Very truly yours,

                    HOWARD L. POMERANTZ

HLP:ajm
Enclosures
cc:  Jose Quintanilla

Belle Terre of Sunrise, Suite 101 • 7800 W. Oakland Park Blvd. • Sunrise, Florida 33351
Broward (954) 572-7200 • Dade (305) 949-7100 • Palm Beach (561) 833-5544 • FAX (954) 748-6488

Personal Injury • Wrongful Death • Auto Accidents • Product Liability • Premises Liability • Medical Malpractice
WWW.FLORIDAINJURYLAWYERS.COM

EXHIBIT "F"

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

**HealthPort**
INVOICE

Invoice #: 0161849294
Date:       1/16/2015
Customer #: 593282

| Ship to | Bill to | Records from |
|---|---|---|
| HOWARD L POMERANTZ<br>ABRAMOWITZ POMERANTZ MOREHEAD<br>7800 W OAKLAND PARK BLVD<br>STE 101<br>SUNRISE, FL 33351-6742 | HOWARD L POMERANTZ<br>ABRAMOWITZ POMERANTZ MOREHEAD<br>7800 W OAKLAND PARK BLVD<br>STE 101<br>SUNRISE, FL 33351-6742 | MEMORIAL WEST<br>703 N FLAMINGO RD<br>PEMBROKE PINES, FL 33028 |

Requested By: ABRAMOWITZ POMERANTZ MOREHEAD     DOB:
Patient Name: QUINTANILLA JOSE

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|

Per your request, please let this serve as your fee approval notice for medical records requested from the facility listed above. If you would like to approve this amount please contact a HealthPort representative at **770-754-6000**. If you would like to expedite delivery of your request, please go to **www.HealthPortPay.com** to pay electronically.

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 1.00 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 1 | 403 | 1.00 | 403.00 |
| Shipping | | | 11.24 |
| Subtotal | | | 415.24 |
| Sales Tax | | | 24.91 |
| Invoice Total | | | 440.15 |
| Balance Due | | | 440.15 |

Pay your invoice online at www.HealthPortPay.com

Please remit this amount : $ 440.15 (USD)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - ✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

Invoice #: 0161849294

Check # _____

Payment Amount $_____

EXHIBIT " F "

**Please return stub with payment.**
Please include invoice number on check
To pay invoice online, please go to www.HealthPortPay.com or call (770) 754-6000



RICHARD ABRAMOWITZ *
HOWARD POMERANTZ
CHARLES A. MOREHEAD III **
LYLE M. KOENIG ***
GENA E. COHEN

ALSO MEMBER OF NEW YORK BAR *
BOARD CERTIFIED CIVIL TRIAL LAWYER **
ALSO MEMBER OF MINNESOTA BAR ***

January 27, 2015

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740

Re:     Jose Quintanilla
        D'Birth:
        SS#:
        D'Admission:         2014 (any and all)
        HealthPort Invoice #:   0161849294
        Customer#:            593282

To Whom It May Concern:

Enclosed is a copy of my correspondence to Memorial Regional Hospital, dated January 2, 2015, requesting complete copies of the records of Jose Quintanilla, in the electronic form pursuant to 45 CFR §164.524. This relatively new Federal law only allows you to charge for:

    1.      Labor for copying;
    2.      Supplies for creating the electronic media; and
    3.      Postage.

You have sent me a bill for $440.15, for 403 pages of records at $1.00 per page, plus tax and postage fee. These charges are in violation of the Federal law, and I cannot agree to pay such an amount. Please revise your fees to be in compliance with the law and advise me promptly of the new amount.

If this matter is not resolved promptly and correctly, I will have no alternative but to file a lawsuit against Memorial Regional Hospital, in order to obtain the records at the federally mandated charge.

Very truly yours,

HOWARD L. POMERANTZ

HLP:ajm
Enclosures
cc:  Jose Quintanilla

Belle Terre of Sunrise, Suite 101 • 7800 W. Oakland Park Blvd • Sunrise, Florida 33351
Broward (954) 572-7200 • Dade (305) 949-7169 • Palm Beach (561) 833-5514 • FAX (954) 748-6488

Personal Injury • Wrongful Death • Auto Accidents • Product Liability • Premises Liability • Medical Malpractice
WWW.FLORIDAINJURYLAWYERS.COM